# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER KNOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-277-JPG |
| | ) |
| **KELLY RHODES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Knox, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

---

[1] At the beginning of his complaint, Knox sets forth allegations suggesting that this action should be certified as a class action on behalf of all mentally ill inmates who have been, are currently, or will be incarcerated at Tamms in the future.

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Knox states that he is one of numerous mentally ill inmates who are, or who have been, incarcerated at Tamms. He asserts, both generally and specifically, that the extremely restrictive conditions at Tamms serve only to exacerbate his mental illness. He further alleges that the so-called mental health treatment he receives at Tamms is more akin to punishment than therapy and, as such, only serves to worsen his condition. Thus, he asserts that all defendants – those who decide which inmates are housed at Tamms, as well as those charged with their care at Tamms – have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment.

> To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

It is beyond argument that mental health care constitutes a serious medical need. *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). It is also fair to assume that the conditions described by Knox – solitary confinement to an 80-square-foot concrete cell, strip searches, confinement to restraint chairs, lack of contact with family and friends – could be detrimental to one's mental health, particularly to one already suffering from any degree of mental illness. *Scarver v. Litscher*, 434 F.3d 972 (7th Cir. 2006) (acknowledging that conditions at Supermax prison in

2

Wisconsin could aggravate symptoms of inmates' mental illnesses).[2] Whether each of the Defendants possesses the requisite mental intent is a subjective inquiry that cannot be determined at this stage of the litigation; thus, the action survives review under § 1915A except as discussed in the next section.

## CLAIMS OF OTHER PLAINTIFFS

Two other inmates – Anthony Gay and Donnie White – originally joined in filing this action, but they were subsequently dismissed on their respective motions (*see* Docs. 6-8). In the complaint, paragraphs 73-86 relate only to Gay, while paragraphs 87-97 relate only to White. Because these two plaintiffs have withdrawn from the action, the allegations contained in these paragraphs (Doc. 1, pp. 26-30, ¶¶ 73-97) are **STRICKEN** from the complaint; Defendants need not respond to these allegations.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **WALKER, MONTGOMERY, GARNETT, HARTLINE, BARTLEY, ELYEA, NAVARRO, POWERS, RHODES, CHANDRA, KHAN, KACHIGIAN, WEINER, WEIDNER, DOBIER, SCOTT,** and **GNU** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **SEVENTEEN (17) USM-285 forms** with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will**

---

[2] *See also* Jennifer R. Wynn & Alisa Szatrowski, "The Modern American Penal System: Hidden Prisons: Twenty-Three-Hour Lockdown Units in New York State Correctional Facilities," 24 Pace L.Rev. 497, 512-14 (2004); Craig Haney, "Mental Health Issues in Long-Term Solitary and 'Supermax' Confinement," 49 Crime & Delinquency 124 (2003); Stuart Grassian, "Psychopathological Effects of Solitary Confinement," 140 Am. J. Psychiatry 1450 (1983).

**not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, MONTGOMERY, GARNETT, HARTLINE, BARTLEY, ELYEA, NAVARRO, POWERS, RHODES, CHANDRA, KHAN, KACHIGIAN, WEINER, WEIDNER, DOBIER, SCOTT,** and **GNU**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, MONTGOMERY, GARNETT, HARTLINE, BARTLEY, ELYEA, NAVARRO, POWERS, RHODES, CHANDRA, KHAN, KACHIGIAN, WEINER, WEIDNER, DOBIER, SCOTT,** and **GNU** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: May 14, 2009**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**