# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KNOX, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-cv-277-JPG-PMF |
| DR. KELLY RHODES, et al. | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for preliminary injunctive relief (Doc. No. 20). Plaintiff is proceeding on a § 1983 civil rights claim against eighteen defendants, some of whom have been served. He challenges the conditions of his confinement at Tamms Correctional Center, claiming that the defendants are not providing adequate care for his serious mental health needs. Plaintiff seeks an order directing some or all of the defendants to (1) transfer him to a different correctional facility that is equipped to treat mentally ill prisoners, (2) provide adequate medical treatment and services, and (3) never transfer him back to Tamms Correctional Center.

In order to establish that he is entitled to a preliminary injunction, Knox must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Plaintiff's motion is not supported by medical records or other documents describing his *current* mental health ailment or his *current* custody or treatment needs.[1] For the purposes of this motion, it is assumed that plaintiff has a mental illness or personality disorder and is not receiving medication that was prescribed in the past to treat symptoms. The Court also assumes that plaintiff is not faring well at Tamms. He experiences symptoms which continue without apparent relief or improvement.

Plaintiff has not shown that he is entitled to preliminary injunctive relief. The Illinois Department of Corrections provides an administrative remedy procedure to inmates who are dissatisfied with aspects of their confinement. 20 Ill. Admin. Code § 504, Subpart F. In appropriate circumstances, such grievances can be addressed on an emergency basis. *Id*., § 504.840. The materials on file do not show that plaintiff has used and exhausted the administrative remedy process with respect to his current mental health condition. Accordingly, he has not shown the absence of an adequate remedy at law.

Also lacking is evidence that plaintiff will suffer irreparable harm if the injunction is not granted. Plaintiff's personal belief that his mental health status will deteriorate if he remains at Tamms does not satisfy this element of proof. Also, the materials do not show that plaintiff has a reasonable likelihood of success on the merits of his § 1983 claim. This particular claim requires a showing of deliberate indifference. While mental health ailments can create serious medical needs, the facts to not establish that the level of care and treatment provided by these defendants

---

[1] Psychiatric evaluations performed in the past have been submitted and reviewed. The Court is not persuaded that these assessments and reports rationally support inferences regarding plaintiff's current mental health status.

would likely satisfy the subjective standard. *See Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (noting that medical professionals' treatment decisions are entitled to deference unless "no minimally competent professional would have so responded under those circumstances"). Finally, in the absence of information detailing the precise mental health treatment plan needed to prevent harm, the Court is not able to fashion a fine-tuned remedy. The order plaintiff seeks is extremely vague. If entered, the suggested order could be terminated immediately. 18 U.S.C. § 3625(b)(2).

IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (Doc. No. 20) be DENIED.

**SUBMITTED:   September 10, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**