UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

    Plaintiff,

v.

    Case No. 08-cv-277-JPG

DR. KELLY RHODES, *et al.*,

    Defendants.

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("R & R") (Doc. 48) of September 10, 2009, wherein it is recommended that Plaintiff Christopher Knox's Motion for Preliminary Injunction (Doc. 20) be denied.  Knox timely opposed the R & R, his Objection (Doc. 58) being identical in substance to his Memorandum (Doc. 21) in support of the original preliminary injunction motion.

    After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b).  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*

    The Court must review *de novo* the portions of the report to which specific written objections are made.  Fed. R. Civ. P. 72(b).  However, the mere filing of a document labeled "objection" does not guarantee *de novo* review.  *See, e.g.*, *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32 (P.R.D.C. 2004).  In *Betancourt*, the district court placed emphasis on the specificity requirement of objections under Rule 72(b), holding that "the objections [to an R & R] . . . are not to be construed as a second opportunity to present the arguments already

considered by the Magistrate Judge." *Id*. at 34. Accordingly, the court refused to apply a *de novo* standard of review to the portions of the report on which plaintiffs "objected" by duplicating the exact language of the motion at issue in the report. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The facts of *Betancourt* bear a strong resemblance to those presently before the Court. As aforementioned, Knox's "objections" are substantively identical to the arguments he made in his memorandum in support of preliminary injunction. In other words, Knox has failed to comply with the specificity requirement of Rule 72(b). As such, the Court will be reviewing Judge Frazier's R & R for clear error, instead of applying a *de novo* standard of review.

The Court has reviewed the entire file and finds that the R & R is not clearly erroneous. Accordingly, the Court hereby **ADOPTS** the R & R (Doc.48), which **DENIES** Knox's Motion for Preliminary Injunction (Doc. 20).

**IT IS SO ORDERED**
**DATED: November 3, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**