IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER KNOX, B61090,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.: **3:08-cv-00277-JPG-PMF** |
| | ) | |
| **KELLY RHODES,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are multiple Defendants' Partial Motions to Dismiss Plaintiff's Complaint (Docs. 23, 50, 79, & 92). These Motions are opposed, and for purposes of this Report and Recommendation, the Court will treat Plaintiff's Motion of Opposition (Doc. 98) as a response to all four of these Motions to Dismiss.

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim challenging the conditions of his confinement at Tamms Corrections Center, specifically claiming that Defendants are not providing adequate care for his serious mental health needs. Plaintiff states that the extremely restrictive conditions at Tamms serve only to exacerbate his mental illness, and the mental health treatment he receives at Tamms is more akin to punishment than therapy.

Plaintiff's Complaint makes reference to the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Mental Health and Developmental Administrative Act, and the Eight and Fourteenth Amendments of the United States Constitution. Plaintiff has failed to specify which claims are being brought against which particular Defendants, and therefore, it shall be assumed that Plaintiff is alleging all claims in his Complaint against all Defendants. The Defendants who brought these four Motions to Dismiss argue that all of Plaintiff's claims should

1

be dismissed except for Plaintiff's Eighth Amendment claim.  Plaintiff's remaining claims will be addressed individually.

A complaint should be dismissed under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  When considering a motion to dismiss for failure to state a claim, the court must consider all allegations in the complaint in the light most favorable to the plaintiffs, *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), and take all well pleaded facts and allegations as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir. 1986).

1. *Plaintiff's Claims Under the Americans with Disabilities Act*

Plaintiff alleges that Defendants are violating his rights under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101, *et seq*.  The question of whether the ADA applies to prisoners was decided in *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998), in which the Supreme Court held that Title II of the ADA, which prohibits a state entity from discriminating against a qualified individual with a disability based on the individual's disability, applied to prisoners in state correctional facilities.  Title II of the ADA states, in part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

Plaintiff alleges that he suffers from "mental illness," yet fails to state exactly what mental illness he suffers from.  In his Complaint, Plaintiff states that he suffers from "inappropriate personal hygiene" and poor grooming practices.  The Court has been unable to find any cases in which inappropriate personal hygiene and poor grooming has been held to be a qualified disability under the ADA.  Further, while specific mental illnesses have certainly been

2

found to be qualified disabilities under the ADA, the Court has been unable to find any cases where an individual's claim of "mental illness" – without anything more – has been found to be a qualified disability under the ADA.

Additionally, none of the Defendants who brought these Motions to Dismiss are "public entities" against whom a claim can be brought. "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wisconsin Bd. of Bar Examiners,* 270 Fed.Appx. 418, 421 (7th Cir. 2008).

In light of the fact that Plaintiff failed to plead facts that demonstrate he is a qualified individual under the ADA, and the inability of Plaintiff to maintain an action against Defendants in their individual capacities, IT IS RECOMMENDED that Plaintiff's claims under the ADA against Defendants **Powers, Kachigian, Walker, Garnett, Hartline, Montgomery, Elyea, Navarro, Weiner, Dobier, Bartley, and Rhodes** be **DISMISSED**.

   2. *Plaintiff's Claims Under the Rehabilitation Act of 1973*

Plaintiff also alleges that Defendants are violating his rights under the and the Rehabilitation Act of 1973. 29 U.S.C. 701, *et seq*. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability…shall, solely by reason of her or his disability…be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794. A party, therefore, is only amenable to suit under Section 504 if it receives federal financial assistance. *United States Dept. of Transportation v. Paralyzed Veterans of America,* 477 U.S. 597 (1986).

As with an ADA claim, Plaintiff must demonstrate that he is a "qualified individual with a disability." As with its analysis of Plaintiff's ADA claims, the Court finds that Plaintiff is not a qualified individual with a disability for purposes of the Rehabilitation Act. Additionally,

Plaintiff is unable to establish that any of the Defendants in their individual capacities accepted federal funds for the work they performed at Tamms.

In light of the fact that Plaintiff failed to plead facts that demonstrate he is a qualified individual under the Rehabilitation Act, and the fact that Plaintiff failed to establish that Defendants accepted federal funds while at Tamms, IT IS RECOMMENDED that Plaintiff's claims under the Rehabilitation Act of 1973 against Defendants **Powers, Kachigian, Walker, Garnett, Hartline, Montgomery, Elyea, Navarro, Weiner, Dobier, Bartley, and Rhodes** be **DISMISSED**.

### 3. *Plaintiff's Claim Under the Mental Health and Developmental Administrative Act*

Plaintiff claims that he was deprived of Due Process under the Fourteenth Amendment by being denied the property or liberty interests he alleges he is entitled to under the Illinois Mental Health and Developmental Administrative Act. Plaintiff claims that he has specifically been deprived of "adequate and humane care and services in the least restrictive environment, pursuant to an individual's services plan." 405 ILCS 5/2-102(a). However, this statute applies to individuals who have been committed to a mental health facility for treatment. There is nothing in this statute that indicates any applicability to incarcerated individuals who are in search of mental health treatment while incarcerated. While criminal defendants who have been found not guilty by reason of insanity might be committed in mental health facilities, and therefore may seek protection under this statute, Plaintiff has been convicted of a crime which resulted in being confined to the custody of the Illinois Department of Corrections, not a mental health facility.

In light of the fact that Plaintiff failed to plead facts that demonstrate he is entitled to protections of the Illinois Mental Health and Developmental Administrative Act, IT IS RECOMMENDED that Plaintiff's claims under this Act against Defendants **Powers, Kachigian,**

**Walker, Garnett, Hartline, Montgomery, Elyea, Navarro, Weiner, Dobier, Bartley, and Rhodes** be **DISMISSED**.

    4. *Plaintiff's Claim Under the Fourteenth Amendment*

Plaintiff claims that Defendants deprived him of his procedural due process rights by not allowing him to earn his GCC and lot SGT credits back.

In *Eldridge v. Williams*, 424 U.S. 319, 335 (1976), the Supreme Court formulated a balancing test to determine the rigor with which the requirements of procedural due process should be applied to a particular deprivation. The Court set out the test as follows: "Identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

Plaintiff alleges that he was deprived of an adequate adjustment committee hearing, but fails to state what was inadequate about this hearing, and thus, how his procedural due process rights were violated. Merely stating that he was provided with an inadequate hearing, Plaintiff has failed to show a deprivation of his procedural due process. More likely than not, Plaintiff was disappointed in the outcome of his hearing, and this is the reason he has classified the proceeding as inadequate.

In light of the fact that Plaintiff failed to plead facts that demonstrate a procedural due process violation, IT IS RECOMMENDED that Plaintiff's claims under the Fourteenth

Amendment against Defendants **Powers, Kachigian, Walker, Garnett, Hartline, Montgomery, Elyea, Navarro, Weiner, Dobier, Bartley, and Rhodes** be **DISMISSED**.

## Recommendation

IT IS RECOMMENDED that Defendants **Powers** and **Kachigan's** Partial Motion to Dismiss (Doc. 23) be GRANTED, and that Plaintiff's claims under the Americans with Disabilities Act, Rehabilitation Act of 1973, the Mental Health and Developmental Administrative Act, and the Fourteenth Amendment be dismissed with respect to these Defendants.

IT IS FURTHER RECOMMENDED that Defendants **Walker, Garnett, Hartline, Montgomery, Elyea, Navarro, and Weiner's** Partial Motion to Dismiss (Doc. 50) be GRANTED, and that Plaintiff's claims under the Americans with Disabilities Act, Rehabilitation Act of 1973, the Mental Health and Developmental Administrative Act, and the Fourteenth Amendment be dismissed with respect to these Defendants.

IT IS FURTHER RECOMMENDED that Defendant **Dobier**'s Partial Motion to Dismiss (Doc. 79) be GRANTED, and that Plaintiff's claims under the Americans with Disabilities Act, Rehabilitation Act of 1973, the Mental Health and Developmental Administrative Act, and the Fourteenth Amendment be dismissed with respect to this Defendant.

IT IS FURTHER RECOMMENDED that Defendants **Bartley** and **Rhodes'** Partial Motion to Dismiss (Doc. 92) be GRANTED, and that Plaintiff's claims under the Americans with Disabilities Act, Rehabilitation Act of 1973, the Mental Health and Developmental Administrative Act, and the Fourteenth Amendment be dismissed with respect to these Defendants.

**SUBMITTED: January 26, 2010.**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**