IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER KNOX, B61090,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.: **3:08-cv-00277-JPG-PMF** |
| | ) | |
| **KELLY RHODES,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendants Walker, Garnett, Hartline, Montgomery, Bartley, Elyea, and Navarro's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 103). This Motion is opposed (Doc. 121). Defendants have also filed a reply brief (Doc. 122).

## FACTS

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim challenging the conditions of his confinement at Tamms Corrections Center, specifically claiming that Defendants are not providing adequate care for his serious mental health needs. Plaintiff states that the extremely restrictive conditions at Tamms serve only to exacerbate his mental illness, and the mental health treatment he receives at Tamms is more akin to punishment than therapy.

In their Motion for Summary Judgment, Defendants argue that even though Plaintiff has filed dozens of grievances complaining about allegedly inadequate mental health treatment at Tamms between 2006 and 2008, none of these grievances allege that the Defendants who filed this Motion for Summary Judgment ever violated Plaintiff's rights. In his Response, Plaintiff argues that the Seventh Circuit and U.S. Supreme Court have held that the Prisoner Litigation

1

Reform Act "does not impose a 'name all defendants'" requirement. He also argues that he must have provided enough descriptive information about the Defendants in his grievances because ARB Chairperson Brian Fairchild, in response to a request by the Office of the Illinois Attorney General to locate any grievances filed by Plaintiff "between January 1, 2006, and June 18, 2008, concerning allegedly inadequate mental health care and discrimination against mentally ill inmates by [the Defendants who filed this Motion for Summary Judgment]," produced dozens of the Plaintiff's grievances. Plaintiff argues that the fact that Mr. Fairchild produced dozens of grievances in response to the Illinois Attorney General's request is conclusive evidence that Plaintiff filed grievances against these named Defendants.

## APPLICABLE LAW

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The mere existence of a scintilla of evidence in support of a party's position is insufficient; there must be evidence on which the jury could reasonably find for the party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. *42 U.S.C. § 1997e(e)*. Pursuit of administrative remedies is necessary no matter what relief the Plaintiff seeks, including monetary damages. *Pavey v. Conley, 544 F.3d 739, 740* (7th Cir. 2008). § 1997e(e) makes exhaustion a precondition to filing suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict

compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the Department of Corrections. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

In order to fully exhaust administrative remedies, inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB") within 30 days. *20 Ill. Admin. Code § 504.850*. The inmate's grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where and the name of each person who is the subject of the complaint. *20 Ill. Admin. Code § 504.810(b)*. An inmate who does not know the individual's identity may still file a grievance, but he must include as much descriptive information about them as possible. *Id.* If an inmate cannot prepare his grievance unaided he can request staff assistance. *20 Ill. Admin. Code § 504.810(c)*. Once a decision has been rendered at the institutional level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the Administrative Review Board. *20 Ill. Admin. Code § 504.850*. The inmate's administrative remedies are not exhausted until the appeal is ruled on by the Director through the Board. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

## ANALYSIS

Construing the facts in the light most favorable to the Plaintiff, there is no argument that Plaintiff filed dozens of grievances between 2006 and 2008 concerning the alleged lack of adequate mental health treatment at Tamms. Further, Plaintiff concedes that he did not specifically name any of the Defendants who filed this Motion for Summary Judgment in any of his grievances. Plaintiff, however, believes that he satisfied the grievance process by providing

enough descriptive information about the individuals involved in the events giving rise to Plaintiff's grievances.

Although the PLRA does not require that an inmate name all individuals involved in the events giving rise to a grievance, the Seventh Circuit does require strict adherence to the Department of Corrections' grievance rules. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). As mentioned above, under the IDOC grievance rules, Plaintiff was required to include in his grievances the identities of anyone he was complaining about. *20 Ill. Admin. Code 504.810(c)*. If he did not know the identities of individuals of whom he complained, he was required to provide as much description about them as possible. *20 Ill. Admin. Code 504.810(c)*.

Plaintiff's argument that he provided enough descriptive information about the individuals named in this Motion for Summary Judgment is untenable. Mr. Fairchild provided the Illinois Attorney General with all of the grievances filed by Plaintiff during the relevant time period in which Plaintiff complained about inadequate mental health care at Tamms, not just those that mentioned the Defendants named in this Motion for Summary Judgment. Additionally, in Plaintiff's grievances, there are no descriptions of any of the Defendants named in this Motion for Summary Judgment.

The fact that Plaintiff failed to name or adequately describe Defendants Walker, Garnett, Hartline, Montgomery, Bartley, Elyea, or Navarro in compliance with the IDOC grievance procedures is conclusive of Plaintiff's failure to exhaust his administrative remedies against these Defendants. Therefore, Defendants are entitled to summary judgment in their favor.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendants **Walker, Garnett, Hartline, Montgomery, Bartley, Elyea, and Navarro's** Motion for Summary Judgment be **GRANTED**, and that these Defendants be terminated.

**SO RECOMMENDED.**

**SUBMITTED: February 18, 2010.**

    *s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**