IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KNOX, B61090, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: **3:08-cv-00277-JPG-PMF** |
| | ) |
| KELLY RHODES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Diana Dobier's Motion for Summary Judgment (Doc. 112). This Motion is opposed (Doc. 130).

## FACTS

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim challenging the conditions of his confinement at Tamms Corrections Center, specifically claiming that the Defendants are not providing adequate care for his serious mental health needs.

Defendant Dobier – a psychologist retained by the Illinois Department of Corrections to provide psychological services to inmates – argues that Plaintiff failed to exhaust his administrative remedies with respect to Dobier, and that his Complaint fails to specifically allege how Dobier violated his mental health needs. In Plaintiff's Response to Defendant's Motion for Summary Judgment, he argues that he did, in fact, exhaust the grievance procedure, and attached two fully exhausted grievance records in support of his argument. Plaintiff filed a grievance on May 19, 2006, alleging that he was denied mental health treatment while at Dixon CC. This grievance does not specifically mention Defendant Dobier, but includes "other mental health staff's (sic) at Dixon CC." Plaintiff filed a second grievance on September 5, 2006, alleging that mental health staff

1

conspired to have him transferred to Dixon CC, and that his medical records were falsified. Plaintiff's grievance specifically mentions Defendant Dobier in connection with these allegations.

Defendant Dobier's also argues in her Motion for Summary Judgment that Plaintiff's Complaint fails to specifically allege how she violated Plaintiff's mental health needs. In response, Plaintiff argues that he "makes several allegations against the Defendant in the form of mental health staff at Dixon Psychiatric Unit, a staff that Defendant admits to being a part of. Furthermore, the precise claims against the Defendant will be clarified with the filing of Petitioner's amended Complaint." *Plaintiff's Response to Defendant Dobier's Motion for Summary Judgment, pg. 5.* On March 3, 2010, the Court, while acknowledging that Fed. R. Civ. P. 15(a)(2) states "the court should freely give leave [to allow a party to amend its pleadings] when justice so requires," nonetheless denied Plaintiff's Motion to Amend his Complaint (Doc. 141).

## APPLICABLE LAW

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c).* The mere existence of a scintilla of evidence in support of a party's position is insufficient; there must be evidence on which the jury could reasonably find for the party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. *42 U.S.C. § 1997e(e).* Pursuit of administrative remedies is necessary no matter what relief the Plaintiff seeks, including monetary damages. *Pavey v. Conley, 544 F.3d 739, 740* (7th Cir. 2008). § 1997e(e) makes exhaustion a precondition to filing suit. *Perez v. Wisconsin Dept. of*

*Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the Department of Corrections. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

In order to fully exhaust administrative remedies, inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB") within 30 days. *20 Ill. Admin. Code § 504.850.* The inmate's grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where and the name of each person who is the subject of the complaint. *20 Ill. Admin. Code § 504.810(b).* An inmate who does not know the individual's identity may still file a grievance, but he must include as much descriptive information about them as possible. *Id.* If an inmate cannot prepare his grievance unaided he can request staff assistance. *20 Ill. Admin. Code § 504.810(c).* Once a decision has been rendered at the institutional level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the ARB. *20 Ill. Admin. Code § 504.850.* The inmate's administrative remedies are not exhausted until the appeal is ruled on by the Director through the Board. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

## ANALYSIS

In Plaintiff's Response to Defendant Dobier's Motion for Summary Judgment, he argues that any allegations made against the mental health staff at the Dixon Psychiatric Unit apply to Dobier. Despite Plaintiff's concession that his Complaint was not pled with precision and that he would correct any confusion in an Amended Complaint, the Court denied Plaintiff's Motion to Amend due to the late stage in the litigation process. Nonetheless, construing the facts in the light most favorable to the Plaintiff, the Court believes that Plaintiff intended the claims directed against

the health care staff at Dixon CC to apply to Defendant Dobier, because she was part of the health care staff at Dixon CC. The claims that Plaintiff made against the health care staff at Dixon CC, and by extension, Defendant Dobier, are denials of mental health treatment, falsifying mental health records, and allowing an unlicensed and unsupervised post-doctoral resident to perform the psychiatric evaluation of Plaintiff. Therefore, the Court must determine whether he exhausted his administrative remedies with respect to these claims.

As mentioned above, Plaintiff produced two grievance records in response to Defendant Dobier's Motion for Summary Judgment. Plaintiff's May 19, 2006 grievance fails to specifically mention Defendant Dobier, while his September 5, 2006 grievance specifically mentions Dobier. In Plaintiff's Affidavit attached to his Response to Defendant's Motion for Summary Judgment, Plaintiff states that in his May 19, 2006 grievance report, he "was talking about Dr. Diana Dobier, among others, I just couldn't remember her name at that time."

The Illinois Administrative Code states that "the grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." *Ill. Admin. Code 20, § 504.810.*

1. *Denial of Mental Health Treatment*

As to the denial of mental health treatment claim, the Court finds that Plaintiff did not complete the full grievance process with respect to Defendant Dobier. In his May 19, 2006 greivance, Plaintiff complained that he was "denied mental health treatment by Dr. Scott, Dr. Weiner, Dr. Guan, and other mental health staff's (sic) at Dixon CC." Although Plaintiff argues that he intended to include Defendant Dobier in this group, there is no description in Plaintiff's

4

grievance that indicates that this was his intention. The only description Plaintiff included in his grievance was "other mental health staff's (sic)," rather than a more detailed description such as "the psychology program director," while Plaintiff included when describing Dobier in his Complaint. Therefore, the Court does not believe that Plaintiff included "as much descriptive information about [Defendant Dobier] as possible" in his grievance, and thus finds the grievance process incomplete as to this claim. *Ill. Admin. Code 20, § 504.810*.

  2. *Falsifying Medical Records*

With respect to the falsifying of medical records claim, the Court finds that Plaintiff did complete the full grievance process with respect to Defendant Dobier. In his September 5, 2006 grievance, Plaintiff made the specific allegation that Defendant Dobier took part in "falsifying mental health documentation." The grievance process with respect to this claim was completed on April 26, 2007 when Plaintiff was sent a letter from the ARB and Director of IDOC denying his appeal. In Defendant Dobier's Motion for Summary Judgment, she failed to address the merits of this specific claim, and therefore, this claim should survive summary judgment.

  3. *Allowing an Unlicensed and Unsupervised Resident to Perform an Evaluation*

As to Plaintiff's claim that Dixon CC mental health staff allowed an unlicensed and unsupervised post-doctoral resident to perform the psychiatric evaluation on him, the Court cannot find any indication that Plaintiff intended this particular claim to be included in either of the grievances he produced in his Response to the Motion for Summary Judgment. Therefore, the Court finds the grievance process incomplete as to this claim.

## RECOMMENDATION

**IT IS RECOMMENDED** that **Defendant Dobier's** Motion for Summary Judgment (Doc. 112) be **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Summary Judgment as to Plaintiff's claims of denial of mental health treatment and allowing an unlicensed and unsupervised post-doctoral resident to perform the psychiatric evaluation should be **GRANTED**, and that Plaintiff's claim for falsifying mental health records be **DENIED.**

**SO RECOMMENDED.**

**DATED: March 5, 2010.**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**