IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KNOX, B61090, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: **3:08-cv-00277-JPG-PMF** |
| | ) |
| KELLY RHODES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Christopher Knox's Motion for Default Judgment (Doc. 150). Plaintiff's Motion for Default Judgment is seeking judgment against Defendant Gnu. For the following reasons, it is **RECOMMENDED** that both of Plaintiff's Motions be **DENIED**. It is **FURTHER RECOMMENDED** that Defendants Dr. David Weidner, Dr. Scott, and IDOC be **DISMISSED** from this case **WITHOUT PREJUDICE**.

## FACTS

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim challenging the conditions of his confinement at Tamms Corrections Center, specifically claiming that the Defendants are not providing adequate care for his serious mental health needs. In Plaintiff's Complaint (Doc. 1), IDOC is listed in both the caption, and in the "parties" section. Nonetheless, in the Threshold Order (Doc. 9), the Clerk of Court was not directed to fill out a Notice of Lawsuit and Waiver of Service form, nor was the United States Marshal Service directed to serve process on Defendant IDOC. Further, IDOC was never terminated from this case in either the Threshold Order or any subsequent order. Despite the fact that Plaintiff listed 18 Defendants in his Complaint, only 17 USM 285 forms were sent to Plaintiff to be filled out, which Plaintiff did for all Defendants except Defendant IDOC.

1

At no time during this nearly two year old case did Plaintiff raise the issue of not being required to fill out a USM 285 form for Defendant IDOC, or that IDOC had not been served yet. In addition, Defendants Weidner and Scott – both of whom summonses were issued for on September 9, 2009 (Docs. 39 & 40) and which were subsequently returned unexecuted (Docs. 60 & 61) – have failed to be served in this case. Finally, Defendant Gnu was served – through his wife – on December 29, 2009 (Doc. 102). The deadline for Defendant Gnu to answer or otherwise respond to the Complaint was January 19, 2010. To date, Plaintiff has yet to file a Motion for Entry of Default by the Clerk of Court as to Defendant Gnu.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. 150) be **DENIED.** Despite the fact that Defendant Gnu was served in this case and failed to answer or otherwise respond before the response deadline, Plaintiff has yet to file a Motion for Entry of Default by the Clerk of Court. Obtaining a default judgment entails two steps: first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006). Therefore, before seeking a default judgment, Plaintiff must file a Motion for Entry of Default by the Clerk of Court prior to filing a Motion for Default Judgment.

**IT IS FURTHER RECOMMENDED** that Defendants IDOC, Weidner, and Scott be **DISMISSED** from this case **WITHOUT PREJUDICE.** Discovery in this case will be completed by July 2, 2010 (Doc. 56), and even if Defendants IDOC, Weidner, and Scott are able to be served relatively soon, they will nonetheless not have sufficient time to fully participate in this case.

Further, there is no indication that Plaintiff intends to effectuate service of process on either Defendant IDOC or Scott given his failure to file any sort of motion to the contrary.

**SO RECOMMENDED.**

**DATED: March 25, 2010.**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
