UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

      Plaintiff,

  v.

DR. KELLY RHODES, *et al.*,

      Defendants.

Case No. 08-cv-277-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("R&R") (Doc. 109) of January 26, 2010, wherein it is recommended that the Court grant Defendants Claudia Kachigian and Marvin Powers' Motion to Dismiss (Doc. 23), Defendants Lawrence Weiner, Roger Walker, Jessie Montgumerory, Jason Garnett, Danny Hartline, Wendy Navarro, and William Eleya's Motion to Dismiss (Doc. 50), Defendant Diana Dobier's Motion to Dismiss (Doc. 79), and Defendants Ken Bartley and Kelly Rhodes' Motion to Dismiss (Doc. 92). Plaintiff Christopher Knox filed a timely Objection (Doc. 129) to the R&R, to which Defendants filed a Response (Doc. 137). While Knox filed a Reply (Doc. 149) to Defendants' response brief, the Local Rules of the Southern District of Illinois do not allow for such a filing (*see* S.D. Ill. L. R. 73.1(b)); as such, the Court **STRIKES** Knox's reply. Knox also filed another Objection (Doc. 147) to the instant R&R, which was substantively identical to his original objection. This re-filing was both unnecessary and untimely, and the Court hereby **STRIKES** it from the record as well.

For the following reasons, the Court, *inter alia*, **ADOPTS** the R&R **as modified herein.**

**BACKGROUND**

The Court first notes that, while only Dobier's dismissal motion is labeled as such, all of the motions to dismiss are made pursuant to Federal Rule of Procedure 12(b)(6). The Court further notes that, while Magistrate Judge Frazier's R&R relies upon *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the applicable standard of review, *Conley* has since been abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which generally places a more demanding pleading standard on plaintiffs. As will be seen, however, application of either *Conley* or *Twombly* dictates the same end result.

Pursuant to *Twombly*, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus. Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). Accordingly, the Court takes all of the factual allegations in Knox's Complaint (Doc. 1) as true and draws all reasonable inferences in his favor. On April 14, 2008, Knox filed suit under 42 U.S.C. § 1983, challenging the conditions of his confinement at Tamms Correctional Center and claiming that Defendants are not providing adequate care for his serious medical needs. Specifically, Tamms' extremely restrictive conditions are exacerbating Knox's mental illness, and any mental health treatment he receives is more akin to punishment than therapy.

Knox's suit includes claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Illinois Mental Health and Developmental Disabilities Code, and the Eighth and Fourteenth Amendments of the United States Constitution against, presumably, all named Defendants. All of these claims, excepting those arising under the Eighth Amendment, are raised

in the instant motions to dismiss.[1]  Following a brief overview of the applicable standard of review and general law governing 12(b)(6) dismissal motions, the Court will address each claim in kind.

## ANALYSIS

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report.  Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Since Knox objected to most, if not all, of Magistrate Judge Frazier's findings, the Court reviews the R&R *de novo*.

**I.**     **Motions to Dismiss Generally**

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Therefore, the complaint need not allege detailed facts.  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must offer "more than labels and

---

[1] It should be noted that the motions to dismiss as to Knox's Fourteenth Amendment claim are confined to an alleged violation of his procedural due process.  In other words, his claims under the Eighth Amendment via the incorporation clause of the Fourteenth Amendment shall continue regardless of the outcome of the instant memorandum and order.

conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

## II.     Americans with Disabilities Act and the Rehabilitation Act of 1973

In *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998), the Supreme Court held that Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., applies to prisoners in state correctional facilities. Title II forbids a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability. 42 U.S.C. § 12132 (2006). In order to state a claim under Title II, a plaintiff must allege the following: "(1) [he] is disabled as defined under the statute; (2) [he] was qualified for the benefits that [he] sought; (3) [he] was denied those benefits because of [his] disability; and (4) the defendant is a public entity as defined by the ADA." *Hahn v. Walsh*, No. 09-CV-2145, 2009 WL 5215599, at *9 (C.D. Ill. Dec. 29, 2009); *see also* Herdman *v. Univ. of Ill.*, No. 96 C 8025, 1998 WL 774684, at *6 (N.D. Ill. Oct. 28, 1998). Of course, since the ADA only allows for suits against public entities, claims against individuals in their individual capacities cannot be sustained. *See* 42 U.S.C. §§ 12132-12133; *see also United States v. Georgia*, 546 U.S. 151, 154 (2006).

The standards applicable to Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, are the same as those under the ADA; however, under the Rehabilitation Act, the plaintiff must also prove that he was involved in a program which received federal financial assistance. *See* 29 U.S.C. § 794(d) (2006); *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir. 1999)). In other words, if one is to survive a motion to dismiss a Rehabilitation Act claim under Section 504, plaintiff's prima facie case must establish the following four elements: "(1) that [he] is a 'handicapped individual' under the Act, (2) that [he] is 'otherwise qualified' for the [benefit] sought, (3) that [he] was [discriminated against] solely by reason of [his] handicap, and (4) that the program or activity in question receives federal financial assistance." *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997) (citations and some quotations omitted).

Here, Knox agrees that his ADA and Rehabilitation Act claims against Defendants in their individual capacities should be dismissed; thus, all that remains for the Court to decide is whether they should proceed against Defendants in their official capacities. The Court holds that the operative complaint fails to establish the first element of claims under the ADA and Rehabilitation Act, namely that Knox is disabled for purposes of the statutes. With respect to his ADA claim, Knox currently alleges that "[he] is an otherwise qualified individual with a mental disability as defined under the ADA and its implementing regulations[.]" (Doc. 1, p. 33 ¶ 102). Regarding his Rehabilitation Act claim, Knox currently alleges that "[he] . . . is an 'otherwise qualified individual with a disability' as defined in the Rehab[ilitation] Act and the implementing regulations[.]" (Doc. 1, p. 34 ¶ 104). While the Court acknowledges that the ADA enumerates mental illness as a disability in 42 U.S.C. § 12102(1), Knox's broad assertions that he is a qualified individual are too generic to meet the pleading requirements of *Twombly*. In fact, these

allegations represent the generic legal labels and conclusions explicitly condemned by *Twombly*. In short, the Court agrees with Magistrate Judge Frazier's finding that an assertion of "'mental illness' - without anything more" fails to establish a claim under the ADA and the Rehabilitation Act. (Doc. 109, p. 3).

Knox's objection raises an issue that the R&R does not address, namely whether Defendants can be sued under the ADA and Rehabilitation Act as "public entities" because they are employees, agents, or instruments of the Illinois Department of Corrections which received federal funding.[2] However, the Court need not reach this issue because, as discussed *supra*, the complaint currently does not make out a prima facie case under either statute.

Perhaps foreseeing this outcome, Knox repeatedly asks for leave to amend his complaint. While a complaint should not be dismissed with prejudice and without leave to amend unless it is clear that an amended complaint would still fail to state a claim upon which relief could be granted, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), Magistrate Judge Frazier recently denied Knox such leave. (*See* Doc. 141). Knox has filed an appeal of this ruling to the Court, (*see* Doc. 155), which only recently became ripe for review. Bearing this posture and the need for clarity in mind, the Court **RESERVES RULING** on whether dismissal of Knox's claims under the ADA and Rehabilitation Act should be with or without prejudice. Specifically, the Court shall address these issues when it takes up Knox's appeal of Magistrate Judge Frazier's denial of leave to amend the complaint.

---

[2] It should be noted that Knox likely did not even intend to sue any individual defendants under the ADA or Rehabilitation Act. As evidence of this, his claims thereunder are against "the [Defendant Illinois] Department [of Corrections]." (Doc. 1, p. 34 ¶ 103, p. 35 ¶ 106). Nevertheless, the Court has given Knox the benefit of the doubt and assumed that all of his claims are against all Defendants.

### III.     Illinois Mental Health and Developmental Disabilities Code

The Illinois Mental Health and Developmental Disabilities Code ("Mental Health Code") states that "[a] recipient of services shall be provided with adequate and humane care and services in the least restrictive environment, pursuant to an individual services plan."  405 ILL. COMP. STAT. ANN. 5/2-102 (West 2010).  To be protected by the Mental Health Code, Knox must have been committed to a "state-operated mental health facility," which is "a mental health facility operated by the Department [of Human Services ["IDHS"] in its capacity as successor to the Department of Mental Health and Developmental Disabilities]."  *Id*. § 5/1-114.1 (cross-referencing and quoting *id.* § 5/1-105).

In his objection to the R&R, Knox argues that he was undergoing a psychological examination at Dixon Correctional Center's psychiatric unit at the time of the alleged violation of the Mental Health Code.  However, the Court takes judicial notice that the IDHS does not operate Dixon Correctional Center or its psychiatric unit, which is not and cannot be subject to reasonable dispute.  *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (referencing an exception to Federal Rule of Civil Procedure 12(d) for matters of public record which may be judicially noticed); *see also Gen.Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (collecting cases).  This judicial notice is primarily derived from a cursory overview of the IDHS's website.[3]  *See* http://www.dhs.state.il.us/page.aspx?.  In light of such judicial notice, Knox has no standing to bring a Mental Health Code claim.   Dismissal of this claim with prejudice is therefore warranted.

---

[3]"A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Here, the mandate of Rule 201(b) has been met with respect to the judicial notice taken by the Court.

### IV. Fourteenth Amendment Procedural Due Process

The final target of the instant dismissal motions is Knox's procedural due process claim. In *Eldridge v. Williams*, the Supreme Court held as follows:

> [I]dentification of the specific dictates of [procedural] due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976). If the state provides process, a plaintiff must either avail himself of that process or demonstrate that the available process is inadequate. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). Procedures are constitutionally inadequate if they contain "a defect so serious that we can characterize the procedures as fundamentally unfair, a defect so basic that we are forced to conclude that the deprivation occurred without due process." *Daniels v. Williams*, 474 U.S. 327, 341 (1986) (Stevens J., concurring); *see Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 ("[Courts] should not reject [a state-law remedy as inadequate] unless the remedy . . . can readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment.") (quoting *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990) (quotations omitted)).

For practical purposes, "[t]o state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz*, 528 F.3d at 534 (7th Cir. 2008). If a plaintiff challenges the sufficiency, not the availability, of state-law protections, "[a] complaint does not state a valid

procedural due process objection . . . if it does not include a challenge to the fundamental fairness of the state procedures." *Id*. (quoting *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Daniels*, 474 U.S. at 339-340 ("[I]f a procedural due process claim lacks a colorable objection to the validity of the State's procedures, no constitutional violation has been alleged.") (footnote omitted))).

In the instant case, Knox has alleged that his procedural due process rights were violated because he was deprived of an adequate Adjustment Committee hearing. However, Knox has not even attempted to identify this purported inadequacy; rather, as best the Court can tell, it was Magistrate Judge Frazier that construed Knox's claims regarding the Adjustment Committee hearing to be ones for violation of procedural due process. As a result, Knox has failed to put Defendants on notice of this specific type of Fourteenth Amendment claim asserted against them. Perhaps more importantly, Knox's generic allegation cannot be deemed a challenge or colorable objection to the fundamental fairness of the Adjustment Committee and the procedures to which it adheres. In sum, the alleged procedural due process violation is speculative at best and, under the most basic tenets of *Twombly*, *Michalowicz*, and *Daniels*, does not contain enough specificity to continue onward. Dismissal of this claim is therefore required. Like the ADA and Rehabilitation Act claims discussed *supra*, the Court **RESERVES RULING** on whether dismissal should be with or without prejudice until it takes up Knox's appeal of Magistrate Judge Frazier's denial of leave to amend the complaint.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's R&R **as modified herein**, whereby the Court **GRANTS** Defendants Kachigian and Powers' Motion to

Dismiss (Doc. 23), Defendants Weiner, Walker, Montgumerory, Garnett, Hartline, Navarro, and Eleya's Motion to Dismiss (Doc. 50), Defendant Dobier's Motion to Dismiss (Doc. 79), and Defendants Bartley and Rhodes' Motion to Dismiss (Doc. 92).  Specifically, the Court **DISMISSES** Knox's claims under the Illinois Mental Health and Developmental Disabilities Code **with prejudice**.  Additionally, the Court **DISMISSES** Knox's claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973, as well as his procedural due process claim under the Fourteenth Amendment.  The Court **RESERVES RULING** on whether dismissal of such claims should be with or without prejudice until it takes up Knox's appeal of Magistrate Judge Frazier's denial of his Motion (Doc. 131) to amend the complaint.  (*See* Doc. 148).

Further, as aforementioned, the Court **STRIKES** Knox's second Objection (Doc. 147) and Reply (Doc. 149) to the R&R.   Finally, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED**
**DATED: April 6, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
