UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

           Plaintiff,

      v.

DR. KELLY RHODES, *et al.*,

           Defendants.

Case No. 08-cv-277-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Christopher Knox's Appeal (Doc. 155) of Magistrate Judge Philip M. Frazier's minute Order (Doc. 141) of March 3, 2010, wherein Magistrate Judge Frazier denied Knox's Motion (Doc. 131) for leave to file an amended complaint. Defendants Roger Walker, Jr., Jason Garnett, Danny Hartline, Jesse Montgomery, Kenneth Bartley, Willard Elyea, Wendy Navarro, Kelly Rhodes, and Lawrence Weiner filed a Response (Doc. 157) to Knox's appellate brief.

For the following reasons, the Court, *inter alia*, **AFFIRMS** Magistrate Judge Frazier's minute Order (Doc. 141).

## BACKGROUND

On April 14, 2008, Knox filed suit under 42 U.S.C. § 1983, challenging the conditions of his confinement at Tamms Correctional Center and claiming that Defendants are not providing adequate care for his serious medical needs. The Complaint (Doc. 1) filed on that date remains the operative complaint, and the motion underlying the instant appeal represents the first request by Knox to amend said complaint.

**STANDARD OF REVIEW**

A district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a).

**ANALYSIS**

Knox asserts two primary bases for relief from Magistrate Judge Frazier's ruling. First, he contends that Magistrate Judge Frazier did not have authority to deny leave to amend the complaint. According to Knox, the most Magistrate Judge Frazier could do was provide a report and recommendation on the issue. However, this assertion is simply wrong. In the Memorandum and Order of May 14, 2009, the Court referred this case "to a United States Magistrate Judge [thereafter randomly assigned to Magistrate Judge Frazier] for further pre-trial proceedings." (Doc. 9, p. 6). The effect of this explicit referral is chronicled at 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and Local Rule 72.1, where nowhere is it expressed or implied that magistrate judges are without authority to deny leave to amend one's complaint. If anything, the concerns of judicial economy that led to the creation of such rules would have a magistrate judge decide as many non-dispositive issues as could be referred. Moreover, Knox willingly admits that his stance is without relevant precedent from the Seventh Circuit. This is because Seventh Circuit precedent is contrary to his stance. *See, e.g., Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive, subject only to review for clear error."); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1998) (acknowledging magistrate judge was authorized to rule on motion for leave to file third amended complaint). Thus, Knox's

assertion that Magistrate Judge Frazier did not have the authority to deny him leave to amend is without merit.

Knox's second contention is that Federal Rule of Civil Procedure 15 permits amendment as to all Defendants.  He first contends that Rule 15(a)(1) allows for amendment as a "matter of right" against Defendants Illinois Department of Corrections (hereinafter "IDOC"), David Weidner, and presumably Dr. Scott, who have yet to be served, and Defendant Dr. Gnu, who has yet to respond to the complaint.  (Doc. 155, p. 4)  Rule 15(a)(1) states as follows:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of *a* responsive pleading or 21 days after service of *a* motion under [Federal] Rule [of Civil Procedure] 12(b), (e), or (f), *whichever is earlier.*

Fed. R. Civ. P. 15(a)(1) (emphasis added).  "[T]here is, in fact, only one, single 21-day period available for amending as a matter of course.  The *earliest* served responsive pleading or motion starts that single period running."  3 *Moore's Federal Practice,* § 15.12[3] (Matthew Bender 3d ed.) (quotations omitted) (emphasis in original).  In other words, no new 21-day period will start to run even if a responsive pleading is served after the service of a Rule 12(b), (e), or (f) motion. *Id*.  Here, Knox is correct that IDOC, Weidner, Scott, and Gnu have yet to act in this litigation. However, all of the other named Defendants have so acted, as evidenced by numerous answers and motions, including dismissal motions pursuant to Rule 12(b)(6).  The Court notes that Defendants Claudia Kachigian and Marvin Powers' Motion to Dismiss (Doc. 23) of August 17, 2009, pursuant to Rule 12(b)(6), started the 21-day clock.  Knox's attempt to amend his complaint came many months afterwards, and his citation to Rule 15(a)(1) and amendment as a matter of course is therefore misplaced.

3

Finally, Knox asks that leave to amend be allowed as to all Defendants under Rule 15(a)(2), which states "[i]n all [cases other than those involving Rule 15(a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). An amendment is futile if it would not survive a motion for summary judgment. *Bethany*, 241 F.3d at 860.

Knox maintains that justice requires he be allowed to amend his complaint, primarily because of the general spirit of Rule 15(a)(2), the fact that this is the first time he has requested such leave, and the fact that Defendants did not oppose the underlying motion. While the Court's review is focused on Magistrate Judge Frazier's finding, not Defendants' non-responsiveness, Knox is justified in emphasizing these factors. However, the Court cannot ignore the simple fact that leave to amend was not requested until nearly two years after the original complaint was filed. (*See* Doc. 1). Moreover, numerous motions to dismiss, motions for summary judgment, and other dispositive and non-dispositive motions have been filed in the interim. The deficiencies of the original complaint should have been made obvious to plaintiff upon the filing of some of

4

these motions, many of which were filed more than half a year ago.  To request leave now smacks of the concerns of undue delay, bad faith, dilatory motive, and undue prejudice enunciated in *Bethany*, *Ferguson*, and *Daugherity*.

Furthermore, having reviewed the proposed amended complaint, it appears to the Court that Knox is attempting to circumvent the arguments of Defendants in recently granted dismissal motions and to avoid summary judgment motions that remain ripe for disposition.  It also bears noting that Knox seeks to add David Mitchell, Kenneth Hamilton, and Terry McCann as defendants in his proposed amended complaint, which carries many additional concerns that need not be discussed here.  Most importantly, whether this Court would have granted Knox leave to amend his complaint is not for this Court to decide; rather, this Court must merely decide whether Magistrate Judge Frazier's denial of such relief constituted clear error.  It appears that Magistrate Judge Frazier based his decisions on many of the reasons discussed by the Court in this Memorandum and Order.  (*See* Doc. 141) ("[T]he Court does not believe that justice would be served by allowing the Plaintiff to amend so late in the game.  Plaintiff, in his amended complaint, attempts to clarify matters that Defendants raised in their Motions to Dismiss many months ago (see Docs. 23, 50, 79, 92).  Additionally, Plaintiff seeks to add new parties at this late stage.").  For this and the many reasons discussed *supra*, Magistrate Judge Frazier's ruling was not clearly erroneous.

The Court notes that Magistrate Judge Frazier's decision is supported by a host of relevant precedent.  *See* Cleveland v. Porca Co., 38 F.3d 289, 297-98 (7th Cir.1994) (holding that the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint when they waited until after discovery had been completed and summary judgment motions had been fully briefed before filing their motion to amend); *see also Perrian v. O'Grady*,

5

958 F.2d 192, 195 (7th Cir. 1992) (stating that long delays before seeking to amend a complaint

can burden the judicial system, can defeat the public's interest in a speedy resolution of legal

disputes, and can justify a district court's denial of a motion to amend); *Kleinhans v. Lisle Savs.*

*Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987) ("In view of [plaintiff's] failure to

adequately explain the unreasonable delay in moving to amend his complaint to state a claim for

punitive damages when all of the information necessary to stating such a claim has been available

to him for eighteen months, we agree with the judgment and reasoning of the district

court that [plaintiff's] motion represents an apparent attempt to avoid the effect of summary

judgment [on his other claims]." (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Frazier's minute Order

(Doc. 141), which **DENIED** Knox's Motion (Doc. 131) for leave to file an amended complaint.

Pursuant to the Court's previous Memorandum and Order (Doc. 166), the Court **DISMISSES**

**with prejudice** all of Knox's claims under the Americans with Disabilities Act, the Rehabilitation

Act of 1973, and his procedural due process claims under the Fourteenth Amendment.  Finally,

the Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED**
**DATED: April 9, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
