**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER KNOX, B61090,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.: **3:08-cv-00277-JPG-PMF** |
| | ) | |
| **KELLY RHODES,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Gnu's Motion for Summary Judgment (Doc. 168) and Supporting Memorandum (Doc. 169).  This Motion is opposed (Doc. 198).  For the reasons set forth below, it is **RECOMMENDED** that Defendant Gnu's Motion for Summary Judgment be **GRANTED,** and that Plaintiff's claims against Defendant Gnu be **DISMISSED WITH PREJUDICE.**

## FACTS

Plaintiff is proceeding on a 42 U.S.C. § 1983 civil rights claim challenging the conditions of his confinement at Tamms Corrections Center, specifically claiming that the Defendants are not providing adequate care for his serious mental health needs.  Plaintiff's asserts that Defendant Gnu[1] was the medical director at Dixon Correctional Center and that he oversaw the unit in charge of providing medical and mental health services for prisoners.  *Doc. 198, exh. B, pg. 1.*  Plaintiff also claims that Defendant Gnu had first-hand knowledge of the operations at Tamms Corrections

---

[1] Defendant Lawrence Ngu, M.D. was incorrectly identified at Dr. Gnu in Plaintiff's Complaint.  *Doc. 1.*  On April 13, 2010, the Court denied Plaintiff's Motion to substitute the name Dr. Lawrence Ngu in place of the name of Dr. Gnu.  In this Order, the Court stated that it "…sees no reason to correct the spelling of Defendant Dr. Gnu." *Doc. 174.* Therefore, the Court will refer to the Defendant who filed the pending Motion for Summary Judgment at "Defendant Gnu."

1

Center, and that Defendant Gnu was personally involved in approving and creating the harsh conditions at the prison.  *Doc. 198, pgs. 3 - 4.*  Plaintiff alleges that he suffers from a serious mental illness that results in the insertion of objects into his penis, and that Defendant Gnu refused to treat Plaintiff despite his history of self-mutilation.  *Doc. 198, pg. 5.*  With respect to Defendant Gnu, however, Plaintiff's allegations only stem from the "…events that occurred while Plaintiff were (sic) under Defendant Ngu (sic) care at Dixon C/C…." *Doc. 198, pg. 6.*

Defendant Gnu, in his Motion for Summary Judgment and Supporting Memorandum, states that he is a licensed physician who provides medical services to inmates at certain correctional centers throughout the State of Illinois.  *Doc. 168, exh. 1, pg. 1.*  Defendant Gnu also states that he is not a psychiatrist, and has never provided mental health treatment to any prisoner.  *Id. at pg. 2.*

## APPLICABLE LAW

### I.    Summary Judgment Standard

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c).*  The mere existence of a scintilla of evidence in support of a party's position is insufficient; there must be evidence on which the jury could reasonably find for the party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### II.    Personal Involvement Requirement Under 42 U.S.C. § 1983

To prevail under § 1983, a plaintiff must show that the defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1982).  In other words, the defendant must have actually caused or participated in the alleged activity. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982).

2

Further, a supervisory official can be liable only for his own misconduct, not that of those under his supervision. *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985). Thus, a supervisory official must be personally involved in the alleged conduct to be liable. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

## ANALYSIS

It was unclear from Plaintiff's Complaint whether his claim against Defendant Gnu was for events that occurred at Dixon Correction Center or Tamms Correctional Center. Plaintiff's Response to Defendant Gnu's Motion for Summary Judgment, however, makes it clear that Plaintiff's claim against Defendant Gnu stems from the time Plaintiff spent at Dixon Correctional Center. The specific claim against Defendant Gnu is that he refused to treat Plaintiff for the serious mental illness that resulted in the insertion of objects into his penis, despite Plaintiff's history of self-mutilation. Nonetheless, as stated above, Plaintiff must still show that Defendant Gnu was personally involved in the alleged deprivation of Plaintiff's constitutional rights.

In support of his Response to Defendant Gnu's Motion for Summary Judgment, Plaintiff attached a letter dated April 13, 2006 from Bloomington Radiology, S.C. addressed to Defendant Gnu, in which it was concluded that Plaintiff had inserted a pen into his penis. *Doc. 198, exh. D, pg. 2.* Plaintiff also attached other letters addressed to medical personnel at Tamms Correctional Center and Menard Correctional Center in which it was concluded that Plaintiff inserted objects into his penis. *Id. at 3 – 10.* Nowhere in any of these letters, though, do the undersigned medical personnel conclude that Plaintiff suffers from a serious mental illness that results in the insertion of objects into his penis.

Also in support of his Response to Defendant Gnu's Motion for Summary Judgment, Plaintiff attached an apparent "position summary" of Defendant Gnu's position as medical director

at Dixon Correctional Center.  *Doc. 198, exh. C.*  In this document, the position of medical director is summarized as an individual "…responsible for providing leadership in administrative matter, clinical program development, quality management, utilization management and state education at their site(s)…." *Id. at pg. 2.*  Defendant Gnu's position is clearly one of a supervisor, and not one of an individual performing subordinate duties.

As stated above, under § 1983, a supervisory official can only be liable for his own misconduct, and therefore must be personally involved in the alleged conduct.  Defendant Gnu is not a psychiatrist, and while he may have supervisory authority over mental health professionals at Dixon Correctional Center, there is nothing to indicate that Defendant Gnu failed to provide Plaintiff with mental health treatment, or even that he should have known about Plaintiff's alleged mental illness.

## **RECOMMENDATION**

Because there is no *genuine* factual dispute that Defendant Gnu lacked the requisite personal involvement in the events Plaintiff seeks redress for in this action, it is **RECOMMENDED** that Defendant Gnu's Motion for Summary Judgment (Doc. 168) be **GRANTED,** and that Plaintiff's claims against Defendant Gnu be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: <u>June 11, 2010.</u>**

**/s/Philip M. Frazier**
HON. PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE