UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

    Plaintiff,

    v.

DR. KELLY RHODES, *et al.*,

    Defendants.

Case No. 08-cv-277-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendations ("R & R #1") (Doc. 127) of February 18, 2010. In R & R #1, it is recommended that the Court grant Defendants Roger Walker, Jason Garnett, Danny Hartline, Jessie Montgomery, Ken Bartley, Dr. William D. Eleya, and Wendy Navarro's (collectively "Defendants") Motion for Summary Judgment (Doc. 103), dismiss Defendants without prejudice, and direct the Clerk of Court to enter judgment accordingly at the close of this case.

This matter also comes before the Court on Magistrate Judge Frazier's Report and Recommendations ("R & R #2") (Doc. 143) of March 5, 2010. In R & R #2, it is recommended that the Court grant in part and deny in part Defendant Dr. Diana Dobier's Motion for Summary Judgment (Doc. 112) and direct the Clerk of Court to enter judgment accordingly at the close of this case.

After a brief review of the law surrounding reports and recommendations and Illinois grievance pleading standards for prisoners, the Court will address each R & R in kind.

1

## ANALYSIS

### I. Standard of Review Governing Reports and Recommendations

After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Plaintiff Christopher Knox ("Knox") filed Objections (Docs. 146, 154) to the underlying R & Rs in which he primarily argues that, contrary to Magistrate Judge Frazier's recommendations, he met the applicable grievance pleading standard with respect to Defendants and Defendant Dobier. Per Federal Rule of Civil Procedure 72(b), the Court will review these portions of the R & Rs *de novo*.

### II. Illinois' Prisoner Grievance Pleading Standards

Exhaustion under the Prison Litigation Reform Act is not inadequate simply because "an individual later sued was not named in [a prisoner's] grievances." *Jones v. Bock*, 549 U.S. 199, 219. Rather, prison regulations provide the level of detail necessary for a grievance to survive claims of inadequate exhaustion. *Id*. at 218-219.

Because Knox is confined at Tamms Correctional Center, the Court turns to the relevant Illinois regulation governing prisoner grievance standards, which states as follows:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but *the offender must include as much descriptive information about the individual as possible*.

ILL. ADMIN. CODE tit. 20, § 504.810(b) (West 2010) (emphasis added). This regulation acknowledges that "prisoners need identify names only to the extent practicable . . . . [by] articulating what facts the prison could reasonably expect from a prisoner in his position . . . ." *Glick v. Walker*, No. 09-2472, 2010 WL 2775864, at *3 (7th Cir. 2010). This is because "it would be unreasonable to expect that, for every set of facts, an inmate will be able to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision." *Id.* (finding plaintiff's claims were exhausted when, *inter alia*, plaintiff did not know who placed him in a higher security classification and assigned him to a smoking cell at the time his grievances, which did not name any defendants, were filed).

When a defendant's name was unknown to plaintiff at the time of his grievance, other district courts have held that a mention of the defendant's job title or duties in the grievance may fulfill the pleading requirements of § 504.810(b) and overcome the defense of failure to exhaust. *See, e.g., Sylvester v. Chandler*, No. 07 C 50050, 2010 WL 3420385, at *5 (N.D. Ill. Aug. 27, 2010) ("At the very least, plaintiff was required to generally describe a treater who abused him, or even to identify the treaters as Dixon [Correctional Center] nurses."); *Allen v. Feinerman*, No.

07-cv-805, 2010 WL 894063, at *10 (S.D. Ill. Mar. 10, 2010) (*"Plaintiff could have easily named the Defendants, or at least identified them by describing them or their positions, in the grievances he did file."*); *but see Kyles v. Mathy*, No. 09-1084, 2010 WL 3025109, at *5 (C.D. Ill. Aug. 2, 2010). This is because "[g]rievances are intended to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit." *Glick*, 2010 WL 2775864, at *3; *see Jones*, 549 U.S. at 219 (citation omitted); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *but see Conley v. Mathes*, No. 09-1299, 2010 WL 3199750, at *3 (C.D. Ill. Aug. 10, 2010). Also, whether a prisoner's grievances were internally resolved on the merits and not denied for procedural reasons should be given at least some weight in exhaustion analysis. *Glick*, 2010 WL 2775864, at *3.

### III.   R & R #1 and Defendants' Motion for Summary Judgment (Doc. 103)

Here, there is no dispute that the underlying grievances did not name Defendants. Accordingly, per § 504.810(b), Knox needed to include as much descriptive information about Defendants as possible. He clearly failed to do so by not offering or attempting to offer any description of Defendants. Knox's touted mention of "prison official staffs" and "mental health staffs" is far too vague and the former arguably implicates nearly every employee of Tamms Correctional Center.

The Court notes that Defendants are high-ranking officials with the Illinois Department of Corrections ("IDOC").[1] It appears as though Knox is seeking to hold Defendants accountable

---

[1] For example, Roger Walker is the former director of IDOC, Dr. William D. Eleya is the former medical director of IDOC, and Ken Bartley is the former warden of Tamms Correctional Center. (*See* Doc. 1, p. 6-7; Doc. 51, p. 3-4).

through some form of vicarious liability; however, the doctrine of *respondeat superior* cannot be used to impose liability on a supervisor for a subordinate's unconstitutional actions. *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Payne v. Churchich*, 161 F.3d 1030, 1042 n. 15 (7th Cir. 1998) ( "Liability under § 1983 must be premised on personal involvement in the deprivation of the constitutional right, not vicarious liability."). While *Glick* explained that Knox need not name all defendants by sorting through the red tape of IDOC, it is reasonable to expect that he could have at least identified Defendants by their job title or description. Knox's failure to do so demonstrates his failure to exhaust his administrative remedies with respect to Defendants.

Knox makes much ado of the affidavit of Brian Fairchild, Chairperson with the Office of Inmate Issues for IDOC. Fairchild avers that "[a]t the request of the Office of the Illinois Attorney General, [he] searched the file maintained by [the Office of Inmate Issues] for all grievances filed by . . . Knox . . . between January 1, 2006, and June 18, 2008, concerning allegedly inadequate mental health care and discrimination against mentally ill inmates by [Defendants]." (Doc. 103-1, p. 2). Knox reasons that this averment, in conjunction with the production of the underlying grievances, demonstrates that the grievances sufficiently implicated Defendants. As Defendants and Magistrate Judge Frazier point out, however, Fairchild produced *all* of Knox's grievances involving mental health treatment between the stated dates. The Court will not be so brash as to read Defendants' names into the grievances merely because of a non-party's response to a vague discovery request.

Finally, Knox argues that, since his grievances were not denied by IDOC on the basis of insufficient descriptive information, this Court should follow suit. This argument lies on a faulty premise. The underlying grievances were not denied for procedural reasons because they complied with § 504.810(b) with respect to *other* individuals, none of which were Defendants. For example, Knox's grievances repeatedly mention Defendants Dr. Kelly Rhodes and Dr. Lawrence Weiner. It is for this reason that the two did not join in the instant summary judgment motion. Knox's argument might carry weight if he, like the plaintiff in *Glick*, had filed grievances with no names or descriptions that survived procedural analysis by the prison system. However, this is simply not the case.

In addition to the foregoing, the Court has reviewed the unobjected portions of R & R #1 for clear error and does not find them to be clearly erroneous.

**IV.   R & R #2 and Defendant Dobier's Motion for Summary Judgment (Doc. 112)**

Unlike the Defendants discussed above, Defendant Dobier is mentioned by name in one of Knox's grievances. Nevertheless, Defendant Dobier moves for summary judgment on the same grounds as Defendants.

Knox brings suit against Defendant Dobier for denial of mental health treatment, falsifying mental health records, and allowing an unlicensed and unsupervised post-doctoral resident perform a psychiatric evaluation of Knox. In a grievance dated September 5, 2006, Knox wrote that Dobier, among others, "cover[ed]-up mental illnesses of those in Tamms [Correctional Center . . . ." (Doc. 130, p. 13). Accordingly, Magistrate Judge Frazier recommends that Knox's claim of falsification of mental health records should not be

6

dismissed. The Court agrees, especially since Defendant Dobier did not submit any objection to R & R #2.

Meanwhile, Knox believes his other two claims against Defendant Dobier were exhausted by way of a grievance filed on May 19, 2006. Said grievance targeted "Dr. Scott, Dr. Weiner, Dr. Quan, and other mental health staff's [sic] at Dixon [Correctional Center]."[2] (Doc. 130, p. 16). Even construing all of the evidence in the light most favorable to Knox, *Spath v. Hayes Wheels International-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000), the Court cannot reasonably infer that Defendant Dobier falls under "other mental health staff" for purposes of § 504.810(b). That label is far too vague and, again, arguably implicates all mental health staff that work at Dixon Correctional Center. While Knox cannot be expected to precisely recall the name or job title of Defendant Dobier, he needed to at least provide a physical description of her or a brief summary of her job duties for purposes of § 504.810(b). In addition, Knox's objection falls victim to much of the aforementioned logic regarding Defendants.[3]

In addition to the foregoing, the Court has reviewed the unobjected portions of R & R #2 for clear error and does not find them to be clearly erroneous.

---

[2] Dr. Scott, Dr. Weiner, and Dr. Quan do not join in the instant summary judgment motions.

[3] Knox also argues that his grievance about the medical resident falls under the September 5, 2006, grievance, however, there is no support for this in the record or otherwise.

## CONCLUSION

In conclusion, the Court **ADOPTS** both R & Rs (Doc. 127, 143) in their entirety alongside the analysis contained herein.  The Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 103) and **DISMISSES** Defendants Defendants Roger Walker, Jason Garnett, Danny Hartline, Jessie Montgomery, Ken Bartley, Dr. William D. Eleya, and Wendy Navarro **without prejudice**.  Further, the Court **GRANTS in part** and **DENIES in part** Defendant Dr. Diana Dobier's Motion for Summary Judgment (Doc. 112).  The Court **DISMISSES without prejudice** Knox's claims against Defendant Dobier for denial of mental health treatment and allowing an unlicensed and unsupervised post-doctoral resident perform a psychiatric evaluation of Knox.  Knox's claim for falsification of medical records against Defendant Dobier shall remain.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED: October 4, 2010**

                                                         s/ J. Phil Gilbert
                                                         **J. PHIL GILBERT**
                                                         **DISTRICT JUDGE**