UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

    Plaintiff,

v.

DR. KELLY RHODES, *et al.*,

    Defendants.

Case No. 08-cv-277-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("R & R") (Doc. 159), wherein it is recommended that the Court dismiss Defendants Dr. David Weidner, Dr. Scott, and Illinois Department of Corrections ("IDOC") without prejudice and deny Plaintiff Christopher Knox's Motion for Default Judgment (Doc. 150) as to Defendant Dr. Gnu.  Knox filed a timely Objection (Doc. 190) thereto.

## STANDARD OF REVIEW

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report.  Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**ANALYSIS**

Magistrate Judge Frazier first recommends that the Court dismiss Dr. Weidner, Dr. Scott, and IDOC without prejudice because Knox failed to timely achieve service of process on said Defendants. Knox objects to these recommendations; as such, they shall be reviewed *de novo*. With respect to IDOC, service of process is irrelevant because it would ultimately prove futile. The Supreme Court of the United States has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, contrary to Magistrate Judge Frazier's recommendation that IDOC be dismissed without prejudice for failing to timely serve, IDOC should and will be dismissed *with* prejudice due to binding precedent that precludes recovery on the merits.[1]

Unlike IDOC, Dr. Weidner and Dr. Scott shall not escape from this litigation so easily. The Court previously made clear that "[w]ith respect to former employees of [IDOC] who no longer can be found at the work address provided by [Knox], [IDOC] shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order . . . ." Doc. 9, p. 4. Although the Marshals Service typically moves for such an order, they did not in this case. Meanwhile, Knox moved for such an order as to Scott, but Judge Frazier denied his request.

---

[1]Due to an oversight, the Court did not include its analysis regarding IDOC in the threshold Memorandum and Order (Doc. 9) of May 14, 2009; as such, the instant analysis and corresponding dismissal shall supplement said threshold order.

Doc. 158.  The Court will stick by its initial representations and require the Marshals Service to re-attempt service of process on Dr. Weidner and Dr. Scott.  Like Magistrate Judge Frazier, the Court is mindful that this case has been ongoing since April 14, 2008, and that the entry of two additional defendants will only serve to slow this case down.  But, Knox's right to prosecute the entirety of his Complaint (Doc. 1) trumps any concerns over expeditiousness, and the Court is confident that Dr. Weidner, Dr. Scott, and the remaining parties will continue to move this case forward.

Finally, Magistrate Judge Frazier recommends that Knox's request for default judgment against Dr. Gnu be denied.  Knox does not object to this portion of the R & R; therefore, it is reviewed for clear error.  Despite the fact that a plaintiff is not entitled to default judgment until he obtains entry of default, *see UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006), Knox failed to move for entry of default.  More importantly, since Knox's request, Dr. Gnu has appeared and acted in this litigation.  Accordingly, Magistrate Judge Frazier was correct to recommend denial, and this portion of the R & R shall be adopted.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS in part and REJECTS in part** the R & R (Doc. 159) of Magistrate Judge Frazier.  Specifically, the Court **ADOPTS** the R & R insofar as it recommends **DENIAL** of Knox's Motion for Default Judgment (Doc. 150).  The Court **REJECTS** the R & R insofar as it recommends dismissal of IDOC without prejudice; rather, the Court **DISMISSES** IDOC **with prejudice**.  Finally, the Court **REJECTS** the R & R insofar as it recommends that the Marshals Service need not re-attempt service of Dr. Weidner and Dr. Scott. Rather, the Court **ORDERS** that IDOC shall provide the Marshals Service with the last known

address of Dr. Weidner and Dr. Scott within 14 (fourteen days). The Court **DIRECTS** the Clerk of Court to send one copy of this order to the Marshals Service and one copy of this memorandum and order to:

> Litigation Coordinator
> 8500 Supermax Road
> Tamms, Illinois 62988

The Marshals Service shall use information regarding current addresses only for the purpose of serving process and, if necessary, to prove that process was served. Any documentation of the address shall be retained only by the Marshals Service. The information will not be maintained in the court file and will not be disclosed by the Marshals Service. Any inquiries as to service should be answered by the threshold Memorandum and Order (Doc. 9).

**IT IS SO ORDERED.**
**DATED: January 18, 2011**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**