UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

    Plaintiff,

v.

DR. KELLY RHODES, *et al.*,

    Defendants.

Case No. 08-cv-277-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Christopher Knox's Motion to Voluntarily Dismiss (Doc. 369) without prejudice. While some Defendants consent to the relief requested in said motion, *see* Doc. 371, other Defendants have objected thereto. *See* Doc. 370.

Federal Rule of Civil Procedure 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal of an entire case from all the parties. Further, the Court may premise dismissal on terms that it deems proper. Fed. R. Civ. P. 41(a)(2); *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). If any such terms and conditions are too onerous for the plaintiff, he may withdraw his motion and proceed with the case. *Marlow*, 19 F.3d at 304. Given the lengthy and contentious history of this case, it should come as no surprise that numerous answers and summary judgment motions have been filed while a stipulation of dismissal has yet to be submitted. Therefore, Knox requires the Court's permission in order to voluntarily dismiss this case, and the Court has the authority and

1

obligation to impose proper terms on any such dismissal.

At this late stage in the litigation, there can be no doubt that permitting voluntary dismissal without prejudice would be an unfair and inappropriate end to this case. This matter has been ongoing for roughly three years, discovery is now complete, and a multitude of dispositive and non-dispositive motions and orders have been filed. In fact, there are currently *ten* motions for summary judgment pending. Assuming *arguendo* that at least one of Knox's remaining claims survived summary judgment, this case could proceed to trial by the end of the year. Put simply, the Court and Defendants have invested too much time in this case to allow Knox to walk away from this litigation unscathed.

Payment of defense expenses, including attorneys' fees, is a typical condition that district courts impose in Rule 41(a)(2) dismissals. *Marlow*, 19 F.3d at 303. Ordinarily, however, the fee award should only reimburse the defendant for work that would not be useful in subsequent litigation of the same claim. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). Because Knox is proceeding *in forma pauperis* and presumably does not have the means to repay Defendants' various expenses and because it is questionable whether Defendants' work to date would be useful in subsequent litigation, an assessment of fees does not represent a proper term of dismissal. Rather, the only proper term of dismissal that the Court can devise would be dismissal *with prejudice*. See *Ratkovich v. Smith Kline*, 951 F.2d 155, 157-58 (7th Cir. 1991). This is an appropriate term of dismissal so long as a plaintiff is afforded the opportunity to object thereto. *Marlow*, 19 F.3d at 305.

For the foregoing reasons, the Court **RESERVES RULING** on Knox's Motion to Voluntarily Dismiss (Doc. 369). The Court **ORDERS** that this matter be dismissed *with prejudice* on April 8, 2011, and **DIRECTS** the Clerk of Court enter judgment accordingly *unless* Knox withdraws his motion for voluntary dismissal *before* said date.

**IT IS SO ORDERED.**
**DATED: March 23, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**