UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,

    Plaintiff,

    v.

DR. KELLY RHODES, *et al.*,

    Defendants.

Case No. 08-cv-277-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Christopher Knox's *pro se* Motion to Withdraw (Doc. 382). Specifically, Knox seeks to withdraw his pending Motion to Voluntarily Dismiss (Doc. 369).

Pursuant to a previous Memorandum and Order (Doc. 374) of the Court, this matter was to be dismissed with prejudice on April 8, 2011, "*unless* Knox [withdrew] his motion for voluntary dismissal *before* said date." Doc. 374, p. 3 (emphasis in original). The case file's docket sheet, however, shows a filing date of April 8; and, the Clerk of Court did not enter the instant motion on the docket sheet until April 12.

Knox presumably relies upon the "mailbox rule" to demonstrate the timeliness of the instant filing. The mailbox rule stands for the proposition that a prisoner "files" a document when he turns it over to a prison official to be sent to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). To take advantage of the mailbox rule, a court may require the inmate to submit a declaration or notarized statement that attests to the date the filing was deposited in the prison mail system. *See, e.g., Ingram v. Jones*, 507 F.3d 640, 644-45 (7th Cir. 2007) (relying upon *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004)) (discussing the applicability of the

mailbox rule as it relates to an inmate's notice of appeal). That said, it is unclear whether the mailbox rule even applies to a motion like that currently before the Court. *See* S.D. Ill. L. R. 5.1(c); *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) ("Although this 'mailbox rule' applies to a *pro se* prisoner's filing of a notice of appeal, this circuit has not ruled on whether the rule should be extended to a *pro se* prisoner's filing of other papers . . . ."); *Schadel v. Evans*, No. 09-1338, 2010 WL 2696456, at *2 (C.D. Ill. July 7, 2010) ("Appellate and district courts have extended the mailbox rule (or versions of it) to other [non-notice of appeal] filings including: petitions for writs of habeas corpus, . . . motions filed under [Federal Rule of Civil Procedure] 59(e), . . . and *complaints* under 42 U.S.C. § 1983 . . . .") (emphasis added).

For the foregoing reasons, the Court questions the timeliness of the instant motion. Being fully advised of the premises, the Court **ORDERS** Knox to file a declaration or notarized statement by April 25, 2011, that addresses when (i.e. the specific date and approximate time) he turned over his motion to withdraw to a prison official to be sent to the Court. While some Defendants consent to Knox's original request for voluntary dismissal, several strenuously object to this request. Accordingly, all Defendants will be given seven (7) days from the date Knox submits the aforementioned affidavit to respond thereto, including through the use of exhibits and counter-affidavits. The Court will hold an evidentiary hearing on the timeliness issue if it is found to be necessary.

**IT IS SO ORDERED.**
**DATED: April 18, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
